IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
03 APR 10 AM 11: 57
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| LYDIA HOVANSKI, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) ) ) | CV-<br>JURY DEMAND |
| AMERICAN INCOME LIFE<br>INSURANCE COMPANY;<br>OFFICE AND PROFESSIONAL<br>EMPLOYEES INTERNATIONAL<br>UNION, LOCAL 277 | ) ) ) ) ) ) | CV-03-S-0838-S |
| Defendants | ) | |

## COMPLAINT

**I.      JURISDICTION**

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331, 1343, 2201 and 2202. This is a suit authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," 42 U.S.C. Section 2000e <u>et seq.</u>, as amended by the Civil Rights Act of 1991, and 42 U.S.C. Section 1981a, which provide relief against sex discrimination and harassment and retaliation, and the National Labor Relations Act, 29 U.S.C. § 159. In addition, through supplemental jurisdiction, this Court's jurisdiction extends over the related state law claims of invasion of privacy, assault and battery, and negligent and/or wanton and malicious hiring, training, supervision and retention because all such claims arise from a "common nucleus of operative fact."

1

2.      The plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII. The plaintiff filed her charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") within 180 days of the occurrence of the last discriminatory act. The plaintiff timely filed her lawsuit within 90 days of the receipt of her Notice of Right-To-Sue from the EEOC.

## II.     PARTIES

3.      The plaintiff, Lydia Hovanski, is a citizen of the United States, a former resident of the State of Alabama and is over nineteen (19) years of age. Plaintiff was a former employee of the defendant.

4.      The defendant, American Income Life Insurance Company, is an entity subject to suit under Title VII and employs at least fifteen (15) persons. American Income Life Insurance Company is the plaintiff's former employer.

5.      The defendant, Office and Professional Employees International Union, Local 277, is an entity subject to suit under the National Labor Relations Act.

## III.    FACTUAL ALLEGATIONS

6.      The plaintiff began working for the defendant in April of 2001, in the position of Public Relations Representative in the state of Utah. She was promoted to Director of Public Relations in January of 2002. In July 2002, the defendant transferred the plaintiff to Alabama. Defendant American Income Life Insurance Company referred to the plaintiff as an "independent contractor," but under the economic realities test viewed in the light of common law principles of agency, plaintiff was actually an "employee" of American Income Life Insurance Company rather than an "independent contractor."

7. During the plaintiff's employment, she was discriminated against because of her sex and subjected to a sexually hostile work environment. The sexual harassment included being subjected to conduct such as constant inappropriate sexual comments and sexual jokes, frequent derogatory comments about women, the use of her computer to view pornography, constant inquiries about her sex life, and unwanted sexual touchings and sexual propositions by managers, including Marcellus Adams, Allan Jennings and Bronson Zolik.

8. Furthermore, the plaintiff was paid less than similarly situated men and a portion of her work from which she earned income was reassigned to a man that the plaintiff hired and trained.

9. When the plaintiff complained of sexual harassment and sex discrimination, she was retaliated against in ways that cost the plaintiff money. Further, after the plaintiff filed her charge of discrimination with the Equal Employment Opportunity Commission and the plaintiff made the defendant aware that she had filed her charge, her employment was immediately terminated on October 29, 2002.

## IV.    CAUSES OF ACTION

### A.    COUNT I - SEX DISCRIMINATION

10. The plaintiff re-alleges and incorporates by reference paragraphs 1-9 above with the same force and effect as if fully set out in specific detail herein below.

11. The defendant discriminated against the plaintiff in demotion, discharge, compensation, job assignments, discipline, and other terms and conditions and privileges of her employment.

12. The defendant engaged in the practices complained of herein willfully, maliciously and/or with reckless indifference to the plaintiff's federally protected rights.

13. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

14. Plaintiff is now suffering, and will continue to suffer irreparable injury from defendant's unlawful conduct as set forth herein unless enjoined by this Court.

### B. COUNT II - SEXUAL HARASSMENT

15. The plaintiff re-alleges and incorporates by reference paragraphs 1-14 above with the same force and effect as if fully set out in specific detail hereinbelow.

16. The defendant willfully and maliciously sexually harassed the plaintiff, thereby discriminating against her on the basis of sex with respect to the terms, conditions, and privileges of her employment.

17. The sexual harassment of the plaintiff was unwelcome and was severe and pervasive enough to adversely affect the terms and conditions of her employment. The defendant knew or should have known of the sexual harassment of the plaintiff and did not take prompt effective remedial action.

18. Said sexual harassment was done maliciously, willfully, and with reckless disregard for the rights of the plaintiff.

19. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

20. Plaintiff is now suffering, and will continue to suffer irreparable injury from

defendant's unlawful conduct as set forth herein unless enjoined by this Court.

### C.  COUNT III - RETALIATION

21. The plaintiff realleges and incorporates paragraphs 1-20 above as if fully set forth herein.

22. The defendant retaliated against the plaintiff because she engaged in protected activity by opposing sexual harassment and sex discrimination.

23. As a result of the plaintiff's protected activity, the defendant retaliated against her by taking adverse employment actions against her, including among other things, terminating her employment.

24. Said retaliation was done maliciously, willfully, and with reckless disregard for the rights of the plaintiff.

25. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

26. Plaintiff is now suffering, and will continue to suffer irreparable injury from defendant's unlawful conduct as set forth herein unless enjoined by this Court.

### D.  COUNT IV - INVASION OF PRIVACY

27. The plaintiff re-alleges and incorporates by reference paragraphs 1-26 above with the same force and effect as if fully set out in specific detail hereinbelow.

28  Jennings, Adams, and Zolik invaded the privacy of the plaintiff, by, among other things, intruding into the plaintiff's private seclusion.

29. The defendant is liable for the acts of its agents, Jennings, Adams and Zolik.

30. The defendant company authorized, ratified and/or condoned its agents' actions which amounted to an invasion of the plaintiff's privacy.

31. The defendant's conduct proximately caused the plaintiff to suffer severe emotional distress.

### E. COUNT V - ASSAULT AND BATTERY

32. The plaintiff re-alleges and incorporates by reference paragraphs 1-31 above with the same force and effect as if fully set out in specific detail hereinbelow.

33. Jennings, Adams, and Zolik, assaulted and battered the plaintiff by subjecting her to numerous unwanted touchings.

34. The defendant authorized, ratified and/or condoned its agents' actions which amounted to an assault and battery of the plaintiff.

35. The defendant's conduct proximately caused the plaintiff to suffer severe emotional distress.

### F. COUNT IV - OUTRAGE

36. The plaintiff re-alleges and incorporates by reference paragraphs 1-35 above with the same force and effect as if fully set out in specific detail hereinbelow.

37. Jennings, Adams, and Zolik outrageously and intentionally inflicted emotional distress upon the plaintiff by subjecting her to abusive, harmful and hurtful treatment while the plaintiff attempted to carry out her duties.

38. The conduct described above was extreme, outrageous and beyond the boundaries of decency in a civilized society.

39. The defendant authorized, ratified and/or condoned its agents' actions which

amounted to the tort of outrage.

40. The defendant's conduct proximately caused the plaintiff to suffer severe emotional distress.

### G. COUNT VI - NEGLIGENT AND/OR WANTON HIRING, RETENTION, TRAINING AND SUPERVISION

41. The plaintiff re-alleges and incorporates paragraphs 1-40 with the same force and effect as if fully set out in specific detail herein below.

42. The defendant wantonly and/or negligently hired and retained and failed to train and supervise its employees, including, but not limited to, Jennings, Adams, and Zolik.

43. The defendant's conduct proximately caused the plaintiff to suffer severe emotional distress.

### H. COUNT VII - BREACH OF DUTY OF FAIR REPRESENTATION

44. The plaintiff re-alleges and incorporates paragraphs 1-43 with the same force and effect as if fully set out in specific detail herein below.

45. Plaintiff is a member of the Office and Professional Employees International Union, Local 277.

46. Defendant Office and Professional Employees International Union, Local 277 and Defendant American Income Life are parties to a collective bargaining agreement.

47. Since on or about October 21, 2002, plaintiff has provided information to the Union Representative, Becky Turner, regarding the above-mentioned conduct in addition to the defendant American Income Life Insurance Company unlawfully depriving her of monies due her.

48. Since on or about October 21, 2002, defendant Office and Professional

Employees International Union, Local 277, through its officers, agents, and representatives, has failed and refused to fairly represent the plaintiff in the processing of grievances related to sexual harassment, sex discrimination, retaliation, fraud, breach of contract, and conversion, because of arbitrary, invidious, and/or discriminatory reasons and has dealt with any grievances processed in a perfunctory manner.

49.     Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

50.     Plaintiff is now suffering, and will continue to suffer irreparable injury from defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## V.     PRAYER FOR RELIEF

**WHEREFORE**, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.      Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendants are violative of the rights of the plaintiff as secured by Title VII and the National Labor Relations Act.

2.      Grant plaintiff a permanent injunction enjoining the defendants its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendants' request from continuing to violate Title VII and the National Labor Relations Act.

3.      Enter an Order requiring the defendants to make the plaintiff whole by awarding her the position she would occupy in the absence of sex discrimination and

harassment, and retaliation and/or frontpay, backpay (plus interest), compensatory, punitive, and/or nominal damages.

4. The plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

**Plaintiff Demands a Trial by Struck Jury on All Issues Triable by a Jury.**

Respectfully submitted,

*/s/ Maury S. Weiner*
Jon C. Goldfarb (GOL015)
Maury S. Weiner (WEI021)
Attorneys for Plaintiff

**OF COUNSEL:**
GORDON SILBERMAN WIGGINS & CHILDS, P.C.
1400 SouthTrust Tower
Birmingham, Alabama 35203
(205) 328-0640

**DEFENDANT'S ADDRESS**
American Income Life Insurance Company
c/o Edward D. Rubio
One Riverchase Office Plaza - Suite 320
Birmingham, AL 36109

Becky Turner
Office and Professional Employees International Union
Local 277
641 North Cherry Lane
Fort Worth, Texas 76108