IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LYDIA HOVANSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.: |
| | ) | CV-03-S-0838-S |
| | ) | JURY DEMAND |
| | ) | |
| AMERICAN INCOME LIFE | ) | |
| INSURANCE COMPANY; REA | ) | |
| AGENCY CORPORATION, ALLAN | ) | |
| JENNINGS, in his official capacity as | ) | |
| State General Agent for AMERICAN | ) | |
| INCOME LIFE INSURANCE COMPANY | ) | |
| and individually, and OFFICE AND | ) | |
| PROFESSIONAL EMPLOYEES | ) | |
| INTERNATIONAL UNION, LOCAL 277 | ) | |
| | ) | |
| Defendants | ) | |

## AMENDED COMPLAINT

I.   **JURISDICTION**

1.   The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331, 1343, 2201 and 2202. This is a suit authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," 42 U.S.C. Section 2000e et seq., as amended by the Civil Rights Act of 1991, and 42 U.S.C. Section 1981a, which provide relief against sex discrimination and harassment and retaliation, and the National Labor Relations Act, 29 U.S.C. § 159. In addition, through supplemental jurisdiction, this Court's jurisdiction extends over the related state law claims of invasion of privacy, assault and battery, and negligent and/or wanton and malicious hiring, training, supervision and retention, breach of

1

contract, breach of implied contract, conversion, civil conspiracy, and defamation.

2. The plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII. The plaintiff filed her charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") within 180 days of the occurrence of the last discriminatory act. The plaintiff timely filed her lawsuit within 90 days of the receipt of her Notice of Right-To-Sue from the EEOC.

**II. PARTIES**

3. The plaintiff, Lydia Hovanski, is a citizen of the United States, a former resident of the State of Alabama and is over nineteen (19) years of age. Plaintiff was a former employee of the defendant.

4. The defendant, American Income Life Insurance Company, is an entity subject to suit under Title VII and employs at least fifteen (15) persons. American Income Life Insurance Company is the plaintiff's former employer.

5. The defendant, REA Agency Corporation, is an entity subject to suit under Title VII. REA Agency Corporation is either a single integrated enterprise with American Income Life, a joint employer, or an agent of American Income Life. However, in the alternative, the REA Agency Corporation may simply be the name of the Birmingham office of American Income Life. The plaintiff worked at the offices of the REA Agency Corporation prior to her termination.

6. The defendant Allan Jennings is sued in his official capacity as the State General Agent of American Income Life and individually.

7. The defendant, Office and Professional Employees International Union, Local 277, is an entity subject to suit under the National Labor Relations Act.

## III. FACTUAL ALLEGATIONS

8. The plaintiff began working as a Public Relations Representative in April of 2001, in the position of Public Relations Representative in the state of Utah. She was promoted to Director of Public Relations in January of 2002. In July 2002, she was transferred to Alabama. Defendants referred to the plaintiff as an "independent contractor," but under the economic realities test viewed in the light of common law principles of agency, plaintiff was actually an "employee" rather than an "independent contractor."

9. During the plaintiff's employment, she was discriminated against because of her sex and subjected to a sexually hostile work environment. The sexual harassment included being subjected to conduct such as constant inappropriate sexual comments and sexual jokes, frequent derogatory comments about women, the use of her computer to view pornography, constant inquiries about her sex life, and unwanted sexual touchings and sexual propositions by managers, including Marcellus Adams, Allan Jennings and Bronson Zolik.

10. Furthermore, the plaintiff was paid less than similarly situated men and a portion of her work from which she earned income was reassigned to a man that the plaintiff hired and trained.

11. When the plaintiff complained of sexual harassment and sex discrimination, she was retaliated against in ways that cost the plaintiff money. Further, after the plaintiff filed her charge of discrimination with the Equal Employment Opportunity Commission, her employment was immediately terminated on October 29, 2002. Her termination later signed by Allan Jennings as State Director stated "This letter is written notice of termination of 30 days regarding your PR contract with the Alabama agency (REA Agency) and American

3

Income Life Insurance Company."

12. On May 22, 2001, plaintiff signed a Public Relations Contract which was also signed by Bill Jennings, who was the State General Agent for American Income Life in Utah. In the contract, it is stated that the plaintiff would be paid compensation per lead card basis in accordance with the agreement with OPEIU 277, unless otherwise agreed. When Allan Jennings became the State General Agent, plaintiff was informed by both Allan Jennings and Denise Bowyer, Vice President of Public Relations for American Income Life that she did not have to sign another contract. Plaintiff reasonably relied on these statements and continued to work and be paid without signing another contract.

13. During the plaintiff's employment, she was paid by the number of leads that she generated. Leads were entered into the computer under a number assigned to the plaintiff by American Income Life.

14. While the plaintiff worked in Utah, the Managing General Agent, Marcellus Adams, directed that a portion of plaintiff's leads be entered as referrals so that plaintiff could not be paid for these leads. Plaintiff complained about this conduct to the State General Agent, Allan Jennings, who admitted that Adams had entered the leads inappropriately but instructed the plaintiff to ignore this conduct.

15. After plaintiff was terminated, she learned from an employee of American Income Life, Lee Ann Jackson, that she had been instructed to send all checks for money owed to the plaintiff to the Birmingham office. Plaintiff learned this after she requested that all of her paychecks be sent to Utah, where she lived.

16. Subsequently, plaintiff learned that one of her paychecks that had been sent to Alabama was deposited by Adams into his personal back account in Utah. Approximately

three months after plaintiff complained to Denise Bowyer and Becky Turner, her union representative, about Adams depositing her paycheck into his own account, American Income Life sent the plaintiff a replacement check.

17. Further, plaintiff has been told that at least three more of her paychecks that have been sent to the Birmingham office by American Income Life have been cashed. Plaintiff has not signed any of these checks.

18. Plaintiff was also informed that as soon as plaintiff was terminated many of the contracts that plaintiff had facilitated and signed were changed so that Emily Jennings would receive compensation for leads that plaintiff was entitled to under the compensation plan set forth in plaintiff's contract and in the union agreement. The only way that contracts can be changed is with the participation of the State General Agent and American Income Life. Upon information and belief, leads that should have been entered under the plaintiff's American Income Life computer number, have been entered inappropriately to deprive the plaintiff of income.

19. Moreover, as the result of defamatory job references provided by Allan Jennings, Emily Jennings, or employees who work in the Birmingham office, plaintiff has been denied at least two jobs which she has applied for in Utah. The defamatory statements included references to plaintiff's lack of trustworthiness and her sexual conduct.

## IV. CAUSES OF ACTION

### A. COUNT I - SEX DISCRIMINATION

20. The plaintiff re-alleges and incorporates by reference paragraphs 1-19 above with the same force and effect as if fully set out in specific detail herein below.

21. The defendants (Allan Jennings is not being sued individually under Title VII) discriminated against the plaintiff in demotion, discharge, compensation, job assignments, discipline, and other terms and conditions and privileges of her employment.

22. The defendants engaged in the practices complained of herein willfully, maliciously and/or with reckless indifference to the plaintiff's federally protected rights.

23. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged

alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

24. Plaintiff is now suffering, and will continue to suffer irreparable injury from defendant's unlawful conduct as set forth herein unless enjoined by this Court.

### B. COUNT II - SEXUAL HARASSMENT

25. The plaintiff re-alleges and incorporates by reference paragraphs 1-14 above with the same force and effect as if fully set out in specific detail hereinbelow.

26. The defendants (Allan Jennings is not being sued individually under Title VII) willfully and maliciously sexually harassed the plaintiff, thereby discriminating against her on the basis of sex with respect to the terms, conditions, and privileges of her employment.

27. The sexual harassment of the plaintiff was unwelcome and was severe and pervasive enough to adversely affect the terms and conditions of her employment. The defendants knew or should have known of the sexual harassment of the plaintiff and did not take prompt effective remedial action.

28. Said sexual harassment was done maliciously, willfully, and with reckless disregard for the rights of the plaintiff.

29. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

30. Plaintiff is now suffering, and will continue to suffer irreparable injury from defendants' unlawful conduct as set forth herein unless enjoined by this Court.

C. **COUNT III - RETALIATION**

31. The plaintiff realleges and incorporates paragraphs 1-30 above as if fully set forth herein.

32. The defendants (Allan Jennings is not being sued individually under Title VII) retaliated against the plaintiff because she engaged in protected

activity by opposing sexual harassment and sex discrimination.

33. As a result of the plaintiff's protected activity, the defendants retaliated against the plaintiff by taking adverse employment actions against her, including among other things, terminating her employment.

34. Said retaliation was done maliciously, willfully, and with reckless disregard for the rights of the plaintiff.

35. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

36. Plaintiff is now suffering, and will continue to suffer irreparable injury from defendants' unlawful conduct as set forth herein unless enjoined by this Court.

D. **COUNT IV - INVASION OF PRIVACY**

37. The plaintiff re-alleges and incorporates by reference paragraphs 1-36 above with the same force and effect as if fully set out in specific detail hereinbelow.

38. Jennings, Adams, and Zolik invaded the privacy of the plaintiff, by, among other things, intruding into the plaintiff's private seclusion.

39. The defendants are liable for the acts of its agents, Jennings, Adams and Zolik.

40. The defendants authorized, ratified and/or condoned their agents' actions which amounted to an invasion of the plaintiff's privacy.

41. The defendants' conduct proximately caused the plaintiff to suffer severe emotional distress.

### E. COUNT V - ASSAULT AND BATTERY

42. The plaintiff re-alleges and incorporates by reference paragraphs 1-41 above with the same force and effect as if fully set out in specific detail hereinbelow.

43. Jennings, Adams, and Zolik, assaulted and battered the plaintiff by subjecting her to numerous unwanted touchings.

44. The defendants authorized, ratified and/or condoned their agents' actions which amounted to an assault and battery of the plaintiff.

45. The defendants' conduct proximately caused the plaintiff to suffer severe emotional distress.

### F. COUNT VI - OUTRAGE

46. The plaintiff re-alleges and incorporates by reference paragraphs 1-45 above with the same force and effect as if fully set out in specific detail hereinbelow.

47. Jennings, Adams, and Zolik outrageously and intentionally inflicted emotional

distress upon the plaintiff by subjecting her to abusive, harmful and hurtful treatment while the plaintiff attempted to carry out her duties.

48. The conduct described above was extreme, outrageous and beyond the boundaries of decency in a civilized society.

49. The defendants authorized, ratified and/or condoned their agents' actions which amounted to the tort of outrage.

50. The defendants' conduct proximately caused the plaintiff to suffer severe emotional distress.

### G. COUNT VII - NEGLIGENT AND/OR WANTON HIRING, RETENTION, TRAINING AND SUPERVISION

51. The plaintiff re-alleges and incorporates paragraphs 1-50 with the same force and effect as if fully set out in specific detail herein below.

52. The defendants wantonly and/or negligently hired and retained and failed to train and supervise its employees, including, but not limited to, Jennings, Adams, and Zolik.

53. The defendants' conduct proximately caused the plaintiff to suffer severe emotional distress.

### H. COUNT VIII - BREACH OF DUTY OF FAIR REPRESENTATION

54. The plaintiff re-alleges and incorporates paragraphs 1-53 with the same force and effect as if fully set out in specific detail herein below.

55. Plaintiff is a member of the Office and Professional Employees International Union, Local 277.

56. Defendant Office and Professional Employees International Union, Local 277 and Defendant American Income Life are parties to a collective bargaining agreement.

57. Since on or about October 21, 2002, plaintiff has provided information to the Union Representative, Becky Turner, regarding the above-mentioned conduct in addition to the defendant American Income Life Insurance Company unlawfully depriving her of monies due her.

58. Since on or about October 21, 2002, defendant Office and Professional Employees International Union, Local 277, through its officers, agents, and representatives, has failed and refused to fairly represent the plaintiff in the processing of grievances related to sexual harassment, sex discrimination, retaliation, breach of contract, and conversion, because of arbitrary, invidious, and/or discriminatory reasons and has dealt with any grievances processed in a perfunctory manner.

59. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

60. Plaintiff is now suffering, and will continue to suffer irreparable injury from defendants' unlawful conduct as set forth herein unless enjoined by this Court.

### I. COUNT IX - BREACH OF CONTRACT

61. The plaintiff realleges and incorporates by reference paragraphs 1 through 60 above with the same force and effect as if fully set out in specific detail herein below.

62. The plaintiff entered into a Public Relations Contract on May 22, 2001.

63. Plaintiff performed all obligations under the contract.

64. Defendants have materially breached the contract by actions, as described above, designed to deprive the plaintiff of compensation pursuant to the Public Relations Contract.

65. Because of the foregoing breach, plaintiff has suffered damages in an amount to be determined at trial.

### J. COUNT X - BREACH OF IMPLIED CONTRACT

66. The plaintiff re-alleges and incorporates paragraphs 1-65 with the same force and effect as if fully set out in specific detail herein below.

67. The defendants knowingly accepted services from the plaintiffs and received the benefit of these services.

68. The defendants failed to pay the plaintiff the reasonable value of the services rendered.

69. The plaintiff had a reasonable expectation of compensation for her services.

70. Because of the defendants' failure to pay the reasonable value of her services, the defendants have been unjustly enriched, and plaintiff has suffered damages in an amount to be determined at trial.

### K. COUNT XI - CONVERSION

71. The plaintiff re-alleges and incorporates paragraphs 1-70 with the same force and effect as if fully set out in specific detail herein below.

72. The defendants or their agents converted money in known violation of the plaintiff's rights to such money.

73. The defendants had a duty to deliver the money to the plaintiff.

74. The money that the defendants converted was specific money capable of identification.

75. As the result of the conversion of funds, plaintiff has suffered damages in an amount

to be determined at trial.

76. The defendants authorized, ratified and/or condoned their agents' actions which amounted to the tort of conversion.

### L. COUNT XI - CIVIL CONSPIRACY

77. The plaintiff re-alleges and incorporates paragraphs 1-76 with the same force and effect as if fully set out in specific detail herein below.

78. The defendants or their agents conspired to convert money in known violation of the plaintiff's rights to such money.

79. As the result of this conspiracy, plaintiff has suffered damages in an amount to be determined at trial.

80. The defendants authorized, ratified and/or condoned their agents' actions which amounted to the tort of civil conspiracy.

### M. COUNT XII - DEFAMATION

81. The plaintiff re-alleges and incorporates by reference paragraphs 1-80 above with the same force and effect as if fully set out in specific detail hereinbelow.

82. The defendants or their agents published communications as facts to third parties that were false and defamatory regarding the plaintiff.

83. These defamatory communications were published with malice.

84. The defendants' conduct proximately caused the plaintiff to suffer severe emotional distress and other damages to be determined at trial.

85. The defendants authorized, ratified and/or condoned their agents' actions which amounted to the tort of defamation.

## V. PRAYER FOR RELIEF

**WHEREFORE**, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

86. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendants are violative of the rights of the plaintiff as secured by Title VII and the National Labor Relations Act.

87. Grant plaintiff a permanent injunction enjoining the defendants its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendants' request from continuing to violate Title VII and the National Labor Relations Act.

88. Enter an Order requiring the defendants to make the plaintiff whole by awarding her the position she would occupy in the absence of sex discrimination and harassment, and retaliation and/or frontpay, backpay (plus interest), compensatory, punitive, and/or nominal damages.

89. The plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

**Plaintiff Demands a Trial by Struck Jury on All Issues Triable by a Jury.**

Respectfully submitted,

_____
Jon C. Goldfarb (GOL015)
Maury S. Weiner (WEI021)
Attorneys for Plaintiff

13

**OF COUNSEL:**

WIGGINS, CHILDS, QUINN & PANTAZIS, P.C.
1400 SouthTrust Tower
Birmingham, Alabama 35203
(205) 328-0640

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served on the following counsel of record:

R. David Proctor
Sally Broatch Waudy
Lehr, Middlebrooks, Price & Proctor, P.C.
Post Office Box 370463
Birmingham, Alabama 35237

Richard P. Rouco, Esq.
Whatley Drake, LLC
Post Office Box 10647
Birmingham, Alabama 35202-0647

James L. Hicks, Jr., Esq.
Law Offices of James L. Hicks, Jr., P.C.
Suite 1100
2777 North Stemmons Freeway
Dallas, Texas 75207-2284

on this the ___18th___ day of __August__, 2003.

_____
OF COUNSEL