# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION



| | |
|---|---|
| **LYDIA HOVANSKI,** | ] |
| | ] |
| **PLAINTIFF,** | ] |
| | ] |
| **v.** | ]**Civil Case No.** |
| | ]**2:03-CV-0838-VEH** |
| | ] |
| **AMERICAN INCOME** | ] |
| **LIFE INSURANCE CO.; et. al.,** | ] |
| | ] |
| **DEFENDANTS.** | ] |

## Opinion

This Court has before it the March 9, 2004, motion of Plaintiff/Counterclaim Defendant Hovanski's ("Plaintiff/Counterclaim Defendant Hovanski") for summary judgment as to Defendant/Counterclaim Plaintiff Allan Jennings' counterclaim for defamation.  (Doc. 54.)  For the reasons set forth below, the Plaintiff/Counterclaim Defendant 's motion is due to be denied in part and granted in part.

1

## I.  Procedural History

Defendant/Counterclaim Plaintiff Allan Jennings commenced this action on September 23, 2003, by filing a counterclaim alleging defamation in his answer and affirmative defenses to Plaintiff/Counterclaim Defendant Hovanski's amended complaint.   Pursuant to 28 U.S.C. §1367, Defendant/Counterclaim Plaintiff Allan Jennings filed the counterclaim of defamation against Plaintiff/Counterclaim Defendant Hovanski alleging that Plaintiff/Counterclaim Defendant Hovanski published with malice communications as facts to third parties that are false and defamatory regarding Defendant/Counterclaim Plaintiff Allan Jennings.

On March 9, 2004, Plaintiff/Counterclaim Defendant Hovanski filed a motion for summary judgment asserting that Defendant/Counterclaim Plaintiff Allan Jennings cannot establish a claim of defamation. On April 8, 2004, the Defendant/Counterclaim Plaintiff Allan Jennings filed a brief in opposition to Plaintiff/Counterclaim Defendant Hovanski's motion for summary judgment. The Plaintiff/Counterclaim Defendant Hovanski filed a brief on May 4, 2004, in  reply to Defendant/Counterclaim Plaintiff Allan Jennings response in opposition.

## II.  Standard of Review

### A.  Summary Judgment

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Chapman v. AI Transport, 229 F.3d 1012, 1023 (11th Cir. 2000).  The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact.  Celotex Corp., 477 U.S. at 323.  Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.  Id. at 324.

The substantive law will identify which facts are material and which are irrelevant.  Chapman, 229 F.3d at 1023; Anderson v. Liberty Lobby, Inc., 477

3

U.S. 242, 248 (1986).  All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant.  <u>Chapman</u>, 229 F.3d at 1023; <u>Fitzpatrick v. City of Atlanta</u>, 2 F.3d 1112, 1115 (11th Cir. 1993).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Anderson</u>, 477 U.S. at 248; <u>Chapman</u>, 229 F.3d at 1023.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.  <u>Anderson</u>, 477 U.S. at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial.  <u>See</u> <u>Fitzpatrick</u>, 2 F.3d at 1115-17 (citing <u>United States v. Four Parcels of Real Property</u>, 941 F.2d 1428 (11th Cir. 1991)(<u>en banc</u>)).  If the moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact; i.e. facts that would entitle it to a directed verdict if not controverted at trial.  <u>Fitzpatrick</u>, 2 F.3d at 1115.  Once the moving party makes such a showing, the burden shifts to the non-moving party to produce significant, probative evidence demonstrating a genuine issue for trial.

4

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to prove its case at trial. Once the moving party satisfies its burden using this method, the non-moving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial. The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to <u>affirmatively</u> show the absence of evidence in the record to support a judgment for the non-moving party on the issue in question. This method requires more than a simple statement that the non-moving party cannot meet its burden at trial but does not require evidence negating the non-movant's claim; it simply requires the movant to point out to the district court that there is an absence of evidence to support the non-moving party's case. <u>Fitzpatrick</u>, 2 F.3d at 1115-16. If the movant meets its initial burden by using this second method, the non-moving party may either point out to the court record evidence, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come forward with additional

5

evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. However, when responding, the non-movant can no longer rest on mere allegations, but must set forth evidence of specific facts. Lewis v. Casey, 518 U.S. 343, 358 (1996) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)).

### III. Relevant Facts[1]

Defendant/Counterclaim Plaintiff Allan Jennings has brought a claim of defamation against Plaintiff/Counterclaim Defendant Lydia Hovanski. Defendant/Counterclaim Plaintiff Jennings bases his claim for defamation upon the alleged accusations and attacks of Plaintiff/Counterclaim Defendant Hovanski asserted in a lawsuit filed in this Court by Plaintiff/Counterclaim Defendant Hovanski.[2]   Specifically, Defendant/Counterclaim Plaintiff

---

[1] Facts are undisputed unless otherwise expressly noted. If the facts are in dispute, pursuant to Rule 56 of the Federal Rules of Civil Procedure, the facts are presented in the light most favorable to the Plaintiff. See Fitzpatrick, 20 F.3d at 1115.

[2] Plaintiff/Counterclaim Defendant Hovanski filed a lawsuit in this Court alleging that she was subjected to disparate treatment based on gender in demotion, discharge, compensation, discipline, and the terms and conditions of employment. Plaintiff Hovanski alleged in her lawsuit that she was subjected to unwelcome acts of sexual harassment by Jennings as well as his agents in a manner sufficiently severe to create an objectively hostile work environment. Plaintiff Hovanski contends that when she complained about the alleged sexual harassment, she was retaliated against by Jennings and constructively discharged.

Jennings asserts that his defamation claim is "based upon the facts of the case and the potential damage that could be done to [him]." Defendant/Counterclaim Plaintiff Jennings further asserts that he was led to file a defamation claim against Plaintiff/Counterclaim Defendant Hovanski because she accused and attacked him of things that did not occur.  (Jennings Dep. p. 255-256).   Defendant/Counterclaim Plaintiff Jennings alleges that Plaintiff/Counterclaim Defendant Hovanski accused and attacked him of things that did not occur in her EEOC charge and in her lawsuit filed in this Court. In addition, Defendant/Counterclaim Plaintiff Jennings asserts that Plaintiff/Counterclaim Defendant Hovanski made allegations numerous times to third parties, including Denise Bowyer and Lee Ann Jackson, that Defendant/Counterclaim Plaintiff Jennings sexually harassed her.  (Hovanski Dep. p. 63-65.)[3]  Defendant/Counterclaim Plaintiff Jennings testified that if Plaintiff/Counterclaim Defendant Hovanski had not sued him then he most likely would not have sued Hovanski for defamation.  (Jennings Dep., p. 255.) When asked if his claim of defamation was based on Plaintiff/Counterclaim

---

[3] Plaintiff/Counterclaim Defendant Hovanski acknowledged that she told two American Income Life employees, Lee Ann Jackson and Denise Bowyer, that Jennings subjected her to sexual harassment.  (Hovanski Dep. p. 63-65.)

Defendant Hovanski's lawsuit, Defendant/Counterclaim Plaintiff Jennings stated "I think that there has to be accountability.  If you are going to go and take someone to court, then it'd better be legitimate, and if it's not legitimate, then there had to be some accountability somewhere." (Jennings Dep., p.254.)

## IV.  Applicable and Substantive Law

"The tort of defamation involves protection of the reputation and good name of the plaintiff."   Wright v. State of Alabama, 757 So.2d 457 (Ala.Civ.App., 2000) (quoting Michael L. Roberts & Gregory S. Cusimano, *Alabama Tort Law*, § 24.0, 831 (1996))."The elements of a cause of action for defamation are: 1) a false and defamatory statement concerning the plaintiff; 2) an unprivileged communication of that statement to a third party; 3) fault amounting at least to negligence; and (4) either actionability of the statement irrespective of special [(per se)] or the existence of special harm caused by the publication of the statement [ (per quod)]."  Wright v. State of Alabama, 757 So.2d 457 (Ala.Civ.App., 2000).  "Slander per se is actionable if it imputes to the plaintiff an indictable offense involving infamy or moral turpitude."  Anderton v. Gentry, 577 So.2d 1261, 1263 (Ala. 1991).  "Slander per quod is a communication to a third person of a defamatory statement subjecting the

8

plaintiff to disgrace, ridicule, odium, or contempt, although not imputing the commission of a crime involving infamy or moral turpitude." Id.

A defamatory statement is one that "'tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him.'" Blevins v. W.F. Barnes Corporation, et al., 768 So.2d 386 (Ala.Civ.App., 1999) Defendant/Counterclaim Plaintiff Jennings's claim for defamation is based on Plaintiff/Counterclaim Defendant Hovanski's allegations filed in her EEOC charge, her lawsuit filed in this Court, and documents filed related to such litigation. In addition, Defendant/Counterclaim Plaintiff Jennings bases his claim on allegations made to Denise Bowyer and Lee Ann Jackson that Defendant/Counterclaim Plaintiff Jennings sexually harassed her.

**Allegations in EEOC charge and Lawsuit**

It is undisputed that allegations of sexual harassment would harm the reputation of Defendant/Counterclaim Plaintiff Jennings as to lower him in the estimation of the community or to deter third persons from associating or dealing with him. It is disputed as to whether the allegations of sexual harassment are false. Even assuming however, that the statements are false, as

it relates to Plaintiff/Counterclaim Defendant Hovanski's allegations asserted in her EEOC charge, the pending lawsuit filed in the Court, and the documents related to such litigation, the Supreme Court of Alabama has established that communications preliminary to a proposed judicial proceeding are privileged. "In defamation actions, the only absolutely privileged communications recognized under the law are those made during legislative or judicial proceedings, or contained in legislative acts of this state which are made under authority of law."  Walker v. Majors, 496 So.2d 726 (Ala. 1986); see also O'Barr v. Feist, 292 Ala. 440, 445, 296 So.2d 152, 156 (1974); Tonsmeire v. Tonsmeire, 281 Ala. 102, 106, 199 So.2d 645, 648 (1967); Browning v. Birmingham News, 348 So.2d 455, 458 (Ala. 1977); Mead Corporation v. Hicks, 448 So.2d 308, 313 (Ala. 1983).   The Alabama Supreme Court has adopted the standard set out in Restatement (Second) of Torts §587 (1977) which states that:

> A party to a private litigation or a private prosecutor or defendant in a criminal prosecution is *absolutely privileged* to publish defamatory matter concerning another in *communications preliminary to* a proposed judicial proceeding, or in the institution of or during the course and as a part of, a judicial proceeding in which he participates, *if the matter has some relation to the proceeding.*

10

<u>Walker v. Majors</u>, 496 So.2d 726, 729 (Ala. 1986).  "It is equally well-established that whether the communication was privileged or not by reason of its character, or the occasion on which it was made, is a question of law to be decided by the court."   <u>Id</u>. The Court finds that Plaintiff/Counterclaim Defendant Hovanski's allegations asserted in her EEOC charge, the pending lawsuit filed in this Court, and the documents related to such litigation are absolutely privileged.   Plaintiff/Counterclaim Defendant Hovanski's allegations asserted in her EEOC charge, the pending lawsuit filed in this Court, and the documents related to such litigation are all communications published preliminary to a proposed judicial proceeding.   Accordingly, Plaintiff/Counterclaim Defendant Hovanski's motion for summary judgment as to Defendant/Counterclaim Plaintiff Jennings' claim for defamation based on Plaintiff/Counterclaim Defendant Hovanski's allegations asserted in her EEOC charge, the pending lawsuit filed in this Court, and documents related to such litigation is due to be granted.

**Allegations To Third Parties**

As it relates to Plaintiff/Counterclaim Defendant Hovanski's allegations to Denise Bowyer and Lee Ann Jackson that Defendant/Counterclaim Plaintiff

Jennings sexually harassed her, the Court finds that there are genuine issues of material fact as to whether the statements were false.  "It is well settled that Alabama does not recognize an independent cause of action for sexual harassment.  Instead, claims of sexual harassment are maintained under common-law tort theories such as assault and battery, invasion of privacy, negligent training and supervision, and outrage." See Big B, Inc. v. Cottingham, 634 So.2d 999 (Ala. 1993); Potts v. BE & K Construction Co., 604 So.2d 398 (Ala. 1992); Mardis v. Robbins Tire & Rubber Co., 669 So.2d 885 (Ala. 1995); and Ex parte Atmore Community Hosp., 719 So.2d 1190 (Ala. 1998).  Plaintiff/Counterclaim Defendant Hovanski's claims of assault and battery, invasion of privacy, and negligent training and supervision are currently pending before this Court.  Since it has not been established whether Defendant/Counterclaim Plaintiff Jennings sexually harassed Plaintiff/Counterclaim Defendant Hovanski or whether her allegations to third parties that Jennings harassed her are true, the Court finds that, as to such allegations, Plaintiff/Counterclaim Defendant Hovanski's motion for summary judgment is due to be denied.

## V.  Conclusion

For the reasons set forth above, the Plaintiff/Counterclaim Defendant's motion for summary judgment is due to be **GRANTED** in part and **DENIED** in part.   This opinion shall be carried out by a separate Order.

**DONE** and **ORDERED** this 11th day of January, 2006.

**VIRGINIA EMERSON HOPKINS**
**United States District Judge**